**IN THE UNITED STATES DISTRICT COURT K
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| REUBEN W. HARRISON, | * | |
| Petitioner, | * | CASE NO. 5:06-CV- 12  DF |
| | | Rule 60(b)/28 U.S.C. § 2255 |
| VS. | * | |
| | | CASE NO. 5:01-CR-35-001-DF |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Petitioner Harrison was indicted in this court on May 8, 2001, and charged in a first Count with Conspiracy to Possess With Intent to Distribute MDMA (Ecstasy) in violation of 21 U.S.C. § 946 in connection with 21 U.S.C. § 841(a)(1) and (b)(1)(C); in Count Two with Conspiracy to Possess With Intent To Distribute Anabolic Steroids in violation of 21 U.S.C. § (a)(1) and (b)(1)(D); and in Count Three with Possession With Intent to Distribute MDMA in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.  Count Four was a forfeiture of property procedure.

Petitioner Harrison pled guilty to Counts I-III of the indictment on October 24, 2002. (R-254, 256).  Subsequent to the preparation and report of a Presentence Investigation (PSI), Petitioner was sentenced to 155 months incarceration effective November 1, 2002.  (R-264)

On October 29, 2003, Petitioner Harrison timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R- 270), upon which a full evidentiary hearing was held, and which was ultimately denied on September 30, 2004. (R- 287).

Petitioner Harrison filed a Notice of Appeal on September 30, 2004 (R-288) which

was refused by the Eleventh Circuit Court of Appeals by its Denial of Petitioner's Application For Certificate of Appealability finding that Petitioner had failed to make a substantial showing of the denial of a constitutional right. (R-295).

Petitioner Harrison made application to the Eleventh Circuit Court of Appeals to file a second or successive § 2255 Motion To Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2244(b)(3)(A) which was denied on January 13, 2006. (R-298). The Court fully stated its reasoning for Petitioner Harrison's benefit, ruling as follows:

> In his application, Harrison indicates that he wishes to raise two claims in a second or successive § 2255 motion: (1) his counsel was ineffective in failing to make an argument during sentencing concerning the rules announced in *Apprendi v. New Jersey,* 530 U.S. 466, 487-90, 120 S.Ct. 2348, 2362-63, 147 L.Ed. 2d 435 (2000), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and (2) his counsel was ineffective in failing to challenge the absence of drug amount in his indictment. Harrison asserts that his claims rely upon new rules of constitutional law and newly discovered evidence; however, he does not specify what new evidence his claims rely on. He asserts that his first claim relies upon *Booker,* and his second claims relies upon *Blakely.* As to his assertion concerning a new rule of law, we have recognized that the Supreme Court has not made *Booker, Blakely,* or *Apprendi* retroactive to cases on collateral review. *In re Anderson,* 396 F.3d 1336, 1339 (11th Cir. 2005) (addressing *Booker); In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004)(addressing *Blakely); In re Johnson,* 224 F.3d 1281, 1283 (11th Cir. 2000) (addressing *Apprendi).* Thus, Harrison cannot rely on those cases as a new rule of law to support his second or successive § 2255 motion.

Nonetheless, Petitioner Harrison, in the meantime, filed a Motion which he labeled "Pro Se Memorandum In Support of Motion – 60(b)." (R-296). In this Motion, Petitioner Harrison suggest that he is entitled to relief pursuant to a Motion 60(b). It is assumed that he is referring to Rule 60(b), Fed. R. Civ. P. Petitioner Harrison immediately raises the same ineffective assistance of counsel issues he raised in his first § 2255, but adds the rulings in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000), *Blakely v. Washington,* 542 U.S. 296 , 124 S.Ct. 2531 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005). He also clearly seeks a change in his sentence. He states at page 29 of his Memorandum/Motion, "Petitioner's true sentence should have been a level 20 minus 3 levels for acceptance of responsibility minus 2 levels for the safety valve for a level 15 or 18 months imprisonment as opposed to the 155 months sentence imposed by the biased district court judge."

In *Gonzalez v. Crosby,* --- U.S. ---, 125 S.Ct. 2641 (2005), Court ruled that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly," and that using Rule 60(b) to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* at 2647.

The *Gonzalez* Court held:

> If a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said

3

to bring a "claim" if it seeks to add a new ground for relief from the conviction *or* attacks the federal court's previous resolution of a claim on the merits.

Warning Petitioner Harrison of the risk of having his Rule 60(b) Motion recharacterize as a § 2255 Motion, subject to the requirement of a Certificate of Authority from the Circuit Court to proceed in the district court, under *Castro v. United States,* 540 U.S 375, 124 S.Ct. 786, 792 (2003), is unnecessary inasmuch as he has already file a § 2255 Motion and had an application to file a second denied by the Eleventh Circuit Court of Appeals.

"The AEDPA provides that , to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997)." *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). This court is without jurisdiction to consider Petitioner's present Memorandum/ Motion – 60(B).

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion be DENIED.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 2nd day of February 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

5